**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA WEYMOUTH**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **JEWEL FOOD STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Barbara Weymouth ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Jewel Food Stores, Inc. ("Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Plaintiff brings this action for under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq*. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*. ("Title VII"), for Defendant discriminating against Plaintiff on the basis of her on the basis of her age and gender and retaliating against her for engaging in protected activity.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District

of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

5. Plaintiff timely filed this complaint with the United States District Court for the Northern District of Illinois within 90 days of her receipt of Notice of Right to Sue.

## PARTIES

6. Plaintiff is an adult, female individual and a resident of Ingleside, Illinois.

7. Plaintiff is currently 70 years of age.

8. Defendant is and was at all times relevant to the allegations herein, a for-profit corporation organized under the laws of Ohio, doing business in Illinois and other surrounding states.

9. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Fox Lake, Illinois location.

10. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADEA and Title VII.

11. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the ADEA and Title VII.

## FACTUAL ALLEGATIONS

12. Plaintiff began her employment with the Defendant on or around April 28, 2012. Plaintiff's most recent position with Defendant is part-time meat counter associate.

13. At all times relevant, Plaintiff was meeting the legitimate job performance

expectations of Defendant when said job performance expectations were applied equally to similarly situated employees, regardless of gender or age.

14. Defendant employs their associates in either part-time or full-time positions. Employees in part-time positions can qualify for health insurance benefits if they work 26 or more hours per week, however, they can lose those benefits if there average weekly hours dip below 26 hours. Full-time positions are guaranteed 40 hours per week.

15. Plaintiff is currently the second most senior employee in her department and is one of only three women in her department out of approximately ten employees. All the men working for Defendant in the meat department are employed in full-time positions and all the women in the department are employed in part-time positions.

16. Since the beginning of Plaintiff's employment, she has sought to become a full-time employee and she has made her desire to become a full-time employee known to management.

17. Instead of providing Plaintiff with a full-time position, Defendant has repeatedly promoted less senior male part-time employees who are more than 10 years younger than Plaintiff to full-time positions with little to no experience and who Plaintiff had actually trained in their duties.

18. For example, in or around January 2020, Defendant hired Nate Border, a significantly younger male with no experience working in a meat department, as a part-time employee in the meat department. Plaintiff learned that Mr. Border was told that if things worked out, then he would be promoted to a full-time position after 6 weeks.

19. Approximately 6 weeks later, after Plaintiff trained Mr. Border, he was indeed promoted to a full-time position.

20. Not only was Mr. Border promoted to a full-time position over Plaintiff, but after he was promoted, Plaintiff's hours were cut to around 12 hours per week and she lost her health insurance benefits.

21. Plaintiff complained to Meat Department Manager Jeff Newton about Mr. Border being promoted over her and mentioned Mr. Border's gender when making her complaint. Mr. Newton responded by yelling, "I don't want you to talk to me every again about your hours or your schedule."

22. After Plaintiff complained to Mr. Newton about Mr. Border being promoted over her and the loss of her hours, and after complaining on other occasions about gender discrimination, he and Store Manager Jim Pugliese began treating Plaintiff differently. For instance, Plaintiff was screamed and yelled at aggressively regarding the performance of her work duties, Mr. Pugliese referred to Plaintiff as a "bitch" to Plaintiff's male coworkers, Plaintiff was asked to come in and Saturday morning to weigh turkeys because "that will show her not to complain," Mr. Pugliese told new employees upon being hired, "there is a woman down there who is a real bitch and hard to work with," Mr. Pugliese screamed Plaintiff, "everyone in the store hates you," even though that was not true, Mr. Pugliese directed Plaintiff not to punch out early after her job duties were completed, despite the fact that was common practice, Mr. Pugliese has repeatedly told Plaintiff that she should quit and find another job. This is a non-exhaustive list of incidents that have caused a hostile work environment for Plaintiff.

23. Mr. Newton and Mr. Pugliese did not subject Plaintiff's male coworkers who did not complain of gender discrimination to the same kind of treatment.

24. Mr. Pugliese has also never given Plaintiff a raise above and beyond the annual raises mandated by the union, however, Plaintiff's younger male coworkers received additional

raises. When Plaintiff asked Mr. Pugliese about this, he said, "why don't you move into a small apartment and find another job."

## COUNT I
## (TITLE VII GENDER DISCRIMINATION)

25. Plaintiff re-alleges paragraphs 1 through 24 and incorporates them as if fully set forth herein.

26. Title VII, 42 U.S.C. §2000e-2(a)(1), makes it unlawful for an employer to discriminate against any employee based upon his or her gender.

27. By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her gender, including but not limited to failing to not promote her to a full-time position, reducing her hours, and subjecting her to a hostile work environment.

28. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

29. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon gender in the workplace.

30. Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages for emotional distress;

c) Award Plaintiff punitive damages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff equitable/injunctive relief;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT II
## (TITLE VII RETALIATION)

31. Plaintiff re-alleges paragraphs 1 through 24 and incorporates them as if fully set forth herein.

32. Title VII, 42 U.S.C. §2000e-3, makes it unlawful for an employer to retaliate against any employee for opposing employment discrimination that is prohibited by Title VII.

33. By its conduct alleged herein, Defendant retaliated against Plaintiff for complaining of gender discrimination when subjected her to a hostile work environment.

34. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

35. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from retaliation for engaging in protected activity.

36. Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages for emotional distress;

c) Award Plaintiff punitive damages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff equitable/injunctive relief;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT III
## (ADEA AGE DISCRIMINATION)

37. Plaintiff re-alleges paragraphs 1 through 24 and incorporates them as if fully set forth herein.

38. The ADEA makes it unlawful for an employer to discriminate against employees age 40 or above based upon his or her age.

39. By its conduct as alleged herein, Defendant discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her age by failing to not promote her to a full-time position and reducing her hours

40. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses.

41. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race in the workplace.

42. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on Count III and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff equitable/injunctive relief;

c) Award Plaintiff reasonable attorney's fees, costs and disbursements;

d) Award Plaintiff any and all other relief as the Court deems just in the premises.

### BARBARA WEYMOUTH

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

7

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA WEYMOUTH**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **JEWEL FOOD STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2020-04549 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Barbara Weymouth** | | |

Street Address — City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **JEWEL FOODS DIVISION OF ALBERTSONS** | **500 or More** | **(847) 973-9075** |

Street Address: **1350 S. Rt. 12, Fox Lake, IL 60020**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **04-08-2020**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on or about April 28, 2012. My current position is Meat Counter Associate. During my employment, Respondent officials have subjected me to harassment, intimidation and different terms and conditions of employment, which include, but are not limited to, being screamed and yelled at; written up; hours reduced; denied wage increases and promotion to full-time. Younger males have been treated more favorably and given preferential treatment. I have complained, only to have the treatment intensified.

I believe that I am been discriminated against because of my age, 69 (YOB: 1951), and retaliated against for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

I believe that I am being discriminated against because of my sex, female, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 21, 2020 — *Barbara J Weymouth* (Charging Party Signature)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA WEYMOUTH**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:** |
| | ) | |
| vs. | ) | **Jury Demand** |
| | ) | |
| **JEWEL FOOD STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

# EXHIBIT B

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Barbara J. Weymouth**<br>c/o Michael T. Smith<br>Law Offices of Michael T. Smith, P.C.<br>10 N. Martingale Road, Suite 400<br>Schaumburg, IL 60173 | From: | **Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604** |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-04549 | **Irma Quintero-Bueno,<br>Investigator** | **(312) 872-9688** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/msd*           9/24/2021

Enclosures(s)       **Julianne Bowman,<br>District Director**       *(Date Issued)*

cc:    **Jessica Kong<br>Legal Counsel<br>Jewel Food Stores, Inc.<br>150 Pierce Road, Suite 400<br>Itasca, IL 60143**